**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN FILIPPATOS,<br><br>                Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Case No. 2:24-cv-11080 (BRM) (AME)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is the Government's Motion to Dismiss (ECF No. 8) *pro se* Plaintiff John Filippatos's ("Plaintiff") Complaint (ECF No. 1[1]) pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff filed an Opposition on April 11, 2025. (ECF No. 9.) The Government filed a Reply on April 24, 2025. (ECF No. 11.) Plaintiff then filed a Sur-Reply[2] on April 28, 2025. (ECF No. 12.) Having reviewed and considered the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Fed. R. Civ. P. 78(b), for the reasons set forth below and for good cause having been shown, the Government's Motion to Dismiss is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

---

[1] Unless otherwise stated, ECF document numbers refer to this case.

[2] According to Fed. R. Civ. P. 7.1(d)(6), no sur-replies are permitted without permission of the judge to whom the case is assigned. While Plaintiff was not granted permission, the Court will nevertheless consider the filing.

I. **BACKGROUND**

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Filippatos. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Plaintiff resides in Summit, New Jersey. (ECF No. 1 ¶ 4.) In his December 11, 2024 Complaint against the United States, he alleges John Kessler ("Kessler"), a United States Postal Service Postmaster in Summit, New Jersey, made false and defamatory statements about Plaintiff to multiple neighbors and did so within the scope of his employment. (*Id.* ¶¶ 4, 11.) Specifically, Plaintiff alleges Kessler said Plaintiff "threatened to kill" a mail carrier and was intoxicated at the time of the incident, and that Kessler sent emails to Plaintiff containing derogatory and defamatory statements, referring to Plaintiff as "dishonest" and claiming Plaintiff had "deep issues." (*Id.* at ¶¶ 1, 4, 8, 11.)[3] After the public statements were made, the police conducted a face-to-face, on-camera interview with Plaintiff regarding the alleged incident but did not inquire into the use of alcohol and or drugs, because, according to Plaintiff, "there was no evidence or indication of such use." (*Id.* at ¶ 6.) Plaintiff alleges he suffered reputational harm, emotional distress, embarrassment, and mental anguish as a direct result of Kessler's false statements and their impact on Plaintiff's standing in the community. (*Id.* at ¶ 10.) Plaintiff is requesting actual damages for

---

[3] This Court construes Plaintiff's allegations of false and defamatory statements to be a defamation claim.

reputational harm, emotional distress, and mental anguish, and damages related to the defamatory statements in Kessler's email communications.[4] (*Id.* at 2.)

Plaintiff's Complaint raises allegations previously brought before this Court. On or about March 3, 2023, Plaintiff filed a complaint in the Superior Court of New Jersey, Union County, Dkt. No. UNN-L-732-23, and on April 10, 2023, the Government removed the case to federal court pursuant to 28 U.S.C. § 2679(d)(2). *Filippatos v. United States of America*, Case No. 2:23-cv-2033 (BRM)(MAH). On April 18, 2023, the Government filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (*Id.*, ECF No. 2.) On November 28, 2023, the Court granted the Government's motion to dismiss and dismissed Plaintiff's complaint with prejudice, finding that Plaintiff failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA") and that the Court lacked subject matter jurisdiction over his claims. (*Id.,* ECF No. 7.)

In response, Plaintiff filed a letter requesting that the Court reconsider its decision. (*Id.,* ECF Nos. 9 and 12.) The Court interpreted Plaintiff's request as a motion for relief from judgment and denied Plaintiff's motion on July 15, 2024. (*Id.*, ECF No. 13.)

On December 11, 2024, Plaintiff filed a new Complaint against the United States.[5] (ECF No. 1.) On April 11, 2025, the Government moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (ECF No. 8.) Plaintiff filed an

---

[4] Plaintiff further alleges, in his opposition brief, intentional infliction of emotional distress and negligent supervision by the Government. (ECF No. 9.) However, a complaint may not be amended by the briefs in opposition to a motion to dismiss, *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1989) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)), therefore, the Court does not consider allegations made solely in Plaintiff's opposition.

[5] Plaintiff's complaint was filed without the filing fee or an application to proceed *in forma pauperis*. On January 17, 2025, Plaintiff paid the filing fee, and the complaint was marked "filed" on January 22, 2025.

Opposition on April 11, 2025 (ECF No. 9) and the Government filed a Reply on April 24, 2025 (ECF No. 11.) Plaintiff filed a Sur-Reply on April 28, 2025. (ECF No. 12.)

## II.   LEGAL STANDARD

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. A. No. 12-3922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (quoting *Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)). On a Rule 12(b)(1) challenge, "[t]he court's focus must not be on whether the factual allegations would entitle the plaintiff to relief, but instead should be on whether this Court has jurisdiction to hear the claim and grant relief." *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack does not dispute "the facts alleged in the complaint," and "requires the court to 'consider the allegations of the complaint as true.'" *Id.* (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted). A factual attack disputes "the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Davis*, 824 F.3d at 346 (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). "When a factual challenge is made, 'the plaintiff will have the burden of proof that jurisdiction does in fact

exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case,'" and "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id.* (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). The submission of "a signed declaration" or "a sworn statement of facts" disputing a non-movant's factual allegations constitutes "a factual challenge to subject matter jurisdiction." *Id.* (citing *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982)). Here, Defendant's challenge on subject matter jurisdiction is a facial attack because it was filed pre-answer and does not present competing jurisdictional facts. *See, e.g., Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) ("The [defendant] filed the attack before it filed any answer to the [c]omplaint or otherwise presented competing facts. Its motion was therefore, by definition, a facial attack.")

Because Plaintiff is appearing *pro se*, the Court will liberally construe his Complaint. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Additionally, the Court will apply the pertinent law to Plaintiff's pleadings, "irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002).

### III. DECISION

The Government argues Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). (ECF No. 8.) Specifically, the Government argues the Complaint should be dismissed because it asserts intentional tort claims and the United

States has not waived its sovereign immunity for intentional torts, including defamation, the sole claim[6] asserted by Plaintiff. (*Id.*)

Plaintiff argues the claims made against the Government fall squarely within the types of conduct covered by the FTCA including intentional infliction of emotional distress and negligent supervision by the United States Postal Service.[7] (ECF No. 9.) Further, Plaintiff argues the Government wrongfully invoked the FTCA discretionary function exception[8] because it does not apply to Plaintiff's allegations of harassment and abuse. (*Id.*) While Plaintiff admits the FTCA preserves sovereign immunity for defamation, Plaintiff submits this case involves more than defamation in isolation but also workplace harassment, abuse of position, retaliatory conduct, and possibly negligent supervision. (ECF No. 12.)

As sovereign, the United States is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Congress may waive sovereign immunity only through clear and unequivocal statutory language. *See Lane v. Pena*, 518 U.S. 187, 192 (1996); *Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F.3d 91, 94 (3d Cir. 1995). Absent a waiver of sovereign immunity, the Court does not have subject matter jurisdiction. *See Cudjoe v. Dep't of Veterans Affairs*, 426 F.3d 241, 246 (3d Cir. 2005).

The FTCA provides for the waiver of sovereign immunity of the United States from suit for injuries caused by a federal employee "acting within the scope of his office or employment." *Millbrook v. United States*, 569 U.S. 50, 52 (2013) (citing 28 U.S.C. § 1346(b)(1)). The waiver

---

[6] *See supra* n.4 (disregarding claims raised for the first time in opposition to the motion to dismiss).

[7] The Court does not consider these claims. *See supra* n.4.

[8] Despite Plaintiff's argument, based on the Court's review of the Motion, the Government never relied on or cited to the discretionary function exemption.

applies in limited circumstances, with specific intentional torts such as malicious prosecution, abuse of process, and any claims arising therefrom being excepted from the waiver. *Id.* (citing 28 U.S.C. § 2680(h)) ("intentional tort exception"). The FTCA bars claims against the United States for defamation and slander. *Brumfield v. Sanders,* 232 F.3d 376, 382 (3d Cir. 2000) (citing 28 U.S.C. § 2680) (dismissing defamation claim, finding it barred by 28 U.S.C. § 2680).[9]

The Government references cases in which courts have routinely dismissed defamation claims pursuant to § 2680. (ECF No. 8 (citing *Watts v. United States*, No. 22-161, 2024 WL 3993278, at *4 (W.D. Pa. Aug. 29, 2024) (dismissing defamation claim brought pursuant to the FTCA); *Giordano v. Hohns*, 714 F. Supp. 3d 564, 581 (E.D. Pa. 2024) (dismissing defamation claim because of the Government's sovereign immunity); *Dileo v. Mabus*, No. 14-4246, 2015 WL 4612714, at *4 (D.N.J. July 31, 2015) (dismissing plaintiff's defamation claim against the United States pursuant to the intention tort exception); *Borawski v. Henderson*, 265 F. Supp. 2d 475, 483–84 (D.N.J. 2003) (holding that the Court lacked subject matter jurisdiction over a federal employee's defamation claim against the United States)).) The Court agrees. Because Plaintiff's defamation claims fall within the intentional torts exception to the FTCA, this Court lacks

---

[9] Because the FTCA precludes claims "arising out of" defamation and slander, the intentional-infliction-of-emotional-distress claim alleged in Plaintiff's Opposition, even if the Court were to consider it, must also fail. *See* 28 U.S.C. § 2680(h).

jurisdiction over the claims and the Complaint is dismissed in its entirety. *See Conboy v. United States SBA*, 992 F.3d 153, 157 (3d Cir. 2021).

### IV. CONCLUSION

For the reasons set forth above, the Government's Motion to Dismiss (ECF No. 8) Plaintiff's Complaint (ECF No. 1) is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.[10]

                                        */s/ Brian R. Martinotti*
                                        **HON. BRIAN R. MARTINOTTI**
                                        **UNITED STATES DISTRICT JUDGE**

Dated: December 30, 2025

---

[10] A dismissal for lack of subject matter jurisdiction must be without prejudice. *Talley v. United States*, Civ. A. No. 11-1180, 2014 WL 282680 at *3 (D.N.J. Jan. 24, 2014) ("If a court lacks subject matter jurisdiction, it must dismiss the case without prejudice." (citing *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155–56 (3d Cir. 1997))).